UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE WASHINGTON,

Plaintiff,

v.

Case No. 2:26-cv-13406
Hon. Gershwin A. Drain

UNKNOWN DOEBER, *et al.*,

Defendants.
_________________________________/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Willie Washington is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff sues ten individuals who work at the Cotton facility: (1) CO Unknown Doeber, (2) CO Unknown Hugle, (3) CO Unknown Badgley, (4) CO Unknown Krusse, (5) CO Unknown Lapham, (6) Nurse Unknown Glimpson, (7) CO Unknown Manteffee, (8) CO Unknown Manning, (9) Nurse Practitioner Unknown Gonzalez, and (10) Captain John Doe. The Court will summarily dismiss the complaint with respect to Defendants Glimpson, Manteffee, Manning, and Doe. The case will proceed with respect to the remaining Defendants.

## I. Standard of Review

The case is before the Court for screening under the PLRA. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to

his indigence. Under the PLRA, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To establish a *prima facie* case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. Complaint

The complaint concerns the alleged failure of personnel at the Cotton facility to respond to Plaintiff's requests for medical care. Plaintiff asserts that on April 6, 2026, he was scheduled to see a kidney specialist regarding reduced kidney functioning. He told Defendants Doeber and Hugle, two corrections officers on his unit, that it was time for his appointment, but they ignored him and he missed the appointment. (ECF No. 1, PageID.10-11.)

Plaintiff further asserts that after April 6, 2026, he made various complaints about abdominal pain that were ignored by Defendants Hugle, Badgley, Krusse, Lapham, and Gonzalez that were ignored. (*Id.* at PageID.10-14.) With respect to Defendant Manteffee, Plaintiff asserts that he verbally threatened him for "talking shit" to Defendant Lapham. (*Id.* at PageID.16.) With respect to Defendant Doe,

Plaintiff asserts that he ignored Plaintiff's request to use the bathroom and told him to ask other staff. (*Id.* at PageID.14.) No factual allegations at all are made in the complaint against Defendants Glimpson or Manning.

Ultimately, on July 13, 2026, Plaintiff was found on the floor in this cell. Defendant Gonzalez assessed him and determined that he should immediately be taken to the hospital. There, testing revealed that Plaintiff had a cancerous mass in his abdomen, and it was surgically removed. The complaint goes on to detail the troubles Plaintiff encountered recovering from the procedure. (*Id.* at PageID.16-18.)

Plaintiff also complains that he has not been provided with adequate shoes or properly fitting clothing, but he does not ascribe that failure to any of the named Defendants. (*Id.* at PageID.7.)

## III. Discussion

Plaintiff asserts that his requests for medical care were ignored. Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials may not act with deliberate indifference to the serious medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).

Under the objective component, “the plaintiff must allege that the medical need at issue is ‘sufficiently serious.’” *Comstock*, 273 F.3d at 702-03 (quoting *Farmer*, 511 U.S. at 834). In *Farmer*, the Court held that the objective test requires that “the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm.” 511 U.S. at 834; *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Under the subjective component, “the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.” *Comstock*, 273 F.3d at 703.

The complaint asserts facts indicating that Plaintiff had a sufficiently serious medical need—he had poor kidney functioning, severe abdominal pain, and ultimately a cancerous tumor was found and removed from his abdomen. The complaint asserts facts suggesting that the severity of his condition was obvious enough that other inmates aided him in his request for help. Finally, the complaint asserts that a number of the named Defendants ignored his request to attend a scheduled call-out with a kidney specialist or ignored his requests for medical assistance between April and July 2026. Construing the allegations in the complaint liberally, and for the purpose of screening the complaint under the PLRA, Plaintiff has asserted sufficient factual matter to state a claim with respect to Defendants

Doeber (ECF No. 1, PageID.10, ¶ 1), Hugle (*Id.* at PageID.11, ¶¶ 11, 19-20), Badgley (*Id.* at PageID.10, ¶ 4), Krusse (*Id.* at PageID.10, ¶ 5), Lapham (*Id.* at PageID.13, ¶ 18), and Gonzalez (*Id.* at PageID.14-15, ¶ 30.)

As for the remaining Defendants, however, the complaint fails to state a claim. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

No factual allegations are made in the complaint at all with respect to Defendants Glimpson or Manning. With respect to Defendant Manteffee, Plaintiff only asserts that he verbally threatened him for "talking shit" to another corrections officer. Allegations of "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012). With respect to Defendant Doe, Plaintiff only asserts that he denied one request for Plaintiff to use the bathroom and told him to ask other staff. Such a brief and isolated instance of being denied access to a bathroom does not satisfy the objective component for stating an Eighth Amendment claim. *See, e.g., Tate v.*

*Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (dismissing inmate's claim that he was denied permission to use the bathroom for three hours).

## IV. Conclusion

Accordingly, under § 1915(e)(2), the Court **DISMISSES** Defendants Glimpson, Manteffee, Manning, and Doe from the complaint for Plaintiff's failure to state a claim against them.

The case survives PLRA screening and will proceed with respect to the other Defendants.

**SO ORDERED**.

Dated: November 5, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge